**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MASSACHUSETTS**
**WORCESTER DIVISION**

**Case No.: 24-40897-CJP**
**Adversary Proceeding No.: 24-04036-CJP**
**Judge: Hon. Christopher J. Panos**

**Motion for Sanctions Against Attorney James P. Ehrhard**

NOW COMES the Plaintiff, Karan Johar, M.D., appearing Pro Se in his individual capacity, and respectfully moves this Honorable Court to impose sanctions against the Defendant's counsel, Attorney James P. Ehrhard, for unprofessional and unethical conduct during the hearing on January 21, 2025. This motion is brought pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure, which requires attorneys to conduct themselves with integrity and professionalism, ensuring all representations are made with factual and legal support. In support of this motion, the Plaintiff states as follows:

1. Background

   1. On January 21, 2025, during a hearing before this Court, Attorney James P. Ehrhard made numerous false, inflammatory, and unsupported statements, including:

      o   Falsely alleging that the Plaintiff personally filed a complaint with the Texas Medical Board against the Defendant, despite having no evidence to support this claim.

      o   Repeatedly referring to a patient in an unrelated case as a "friend" of the Plaintiff, implying undue bias and attempting to discredit the Plaintiff's professional credibility.

   2. Attorney Ehrhard's conduct was not only condescending and hostile but also an apparent attempt to distort facts and distract from the substantive legal issues in this case.

   3. The Plaintiff is represented by counsel for KARAN JOHAR MD PLLC and LENOX HILL PAIN MANAGEMENT AND SPINE PLLC but appears Pro Se in his individual capacity. As a licensed physician with a professional reputation to uphold, the Plaintiff is deeply concerned about the impact of these baseless statements on the record.

2. Legal Standards Under Rule 9011

Rule 9011(b) of the Federal Rules of Bankruptcy Procedure provides that an attorney presenting a document, motion, or argument certifies that:

- (b)(1) It is not being presented for any improper purpose, such as to harass or cause unnecessary delay.

- (b)(2) The claims, defenses, and other legal contentions are warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law.

- (b)(3) The factual contentions have evidentiary support or, if specifically identified, are likely to have evidentiary support after a reasonable opportunity for further investigation.

Attorney Ehrhard's statements clearly violated these provisions as they:

- Were presented for the improper purpose of harassing and discrediting the Plaintiff (Rule 9011(b)(1)).

- Lacked any factual or evidentiary support (Rule 9011(b)(3)).

- Were inconsistent with the standards of professional conduct required of attorneys.

## 3. Supporting Precedents

Courts have consistently held attorneys accountable for presenting baseless and inflammatory claims in court:

1. In re Kunstler, 914 F.2d 505 (4th Cir. 1990): The court emphasized that Rule 11 (equivalent to Rule 9011) sanctions are warranted when an attorney's actions are intended to harass, delay, or needlessly increase litigation costs.

2. In re Miller, 730 B.R. 562 (Bankr. E.D.N.Y. 2021): A bankruptcy court sanctioned an attorney for making unsupported factual allegations that harmed the reputation of another party.

3. Gordon v. Unifund CCR Partners, 345 B.R. 257 (Bankr. E.D. Pa. 2006): The court imposed sanctions on an attorney for conduct that undermined the integrity of the bankruptcy process and distracted from legitimate claims.

## 4. Misconduct and Its Impact

1. Fabricated Allegations:

   o Attorney Ehrhard's baseless claim that the Plaintiff filed a complaint with the Texas Medical Board is a clear fabrication designed to malign the Plaintiff's character. Such misrepresentation undermines the credibility of the judicial process.

2. Personal Attacks:

   o Referring to a patient in an unrelated case as a "friend" of the Plaintiff was an inappropriate and unsubstantiated attempt to create bias against the Plaintiff. This was irrelevant to the matter at hand and served no legitimate purpose.

3. Professional and Reputational Harm:

      o   The Plaintiff's reputation as a physician and public servant is critical to his professional standing. These baseless and inflammatory statements harm the Plaintiff's reputation and distract from the substantive issues of the case.

4. Judicial Integrity:

      o   Attorney Ehrhard's conduct undermines the court's ability to adjudicate matters fairly and impartially, as it shifts the focus away from legal issues to unfounded personal attacks.

## 5. Relief Sought

In light of the above, the Plaintiff respectfully requests that this Honorable Court:

1. Impose Sanctions:

      o   Issue monetary sanctions against Attorney Ehrhard to deter future misconduct.

2. Written Apology:

      o   Require Attorney Ehrhard to issue a written apology to the Plaintiff for his unsubstantiated and inflammatory statements.

3. Reprimand for Future Conduct:

      o   Order Attorney Ehrhard to refrain from making baseless accusations or engaging in behavior intended to harass or discredit the Plaintiff in future proceedings.

4. Court Costs:

      o   Award the Plaintiff reasonable costs incurred in addressing this matter, including preparation of this motion.

5. Further Relief:

      o   Grant any other relief the Court deems just and proper to maintain the integrity of these proceedings.

## 6. Conclusion

Attorney Ehrhard's conduct during the January 21, 2025 hearing violates the fundamental principles of professionalism and integrity required of officers of the court. His baseless allegations, personal attacks, and inflammatory remarks warrant immediate action to preserve the fairness and credibility of this proceeding. The Plaintiff respectfully urges this Court to impose appropriate sanctions to deter future misconduct and protect the integrity of the judicial process.

Dated: **01/22/2025**

**[SIGNATORY PAGE TO FOLLOW]**

Respectfully submitted,


**Karan Johar, Pro Se (Authorized Signatory)**
**993 PARK AVENUE, NEW YORK, NY 10028**

**Proposed Order:**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

**In re:** Sonika Randev, Debtor
**Adversary Proceeding No.: 24-04036**

**KARAN JOHAR MD PLLC and LENOX HILL PAIN MANAGEMENT AND SPINE PLLC,**
**Plaintiffs,**

v.

**Sonika Randev,**
**Defendant.**

**ORDER GRANTING MOTION TO AMEND PLAINTIFF PARTY NAMES**

Upon consideration of the **Motion to Amend Plaintiff Party Names** filed by **KARAN JOHAR MD PLLC** and **LENOX HILL PAIN MANAGEMENT AND SPINE PLLC**, and for good cause shown, it is hereby:

ORDERED, that the motion is GRANTED, and the caption in this adversary proceeding is hereby amended to reflect **KARAN JOHAR MD PLLC** and **LENOX HILL PAIN MANAGEMENT AND SPINE PLLC** as plaintiffs in place of **Karan Johar** individually.

Dated: _____

**Hon. Christopher J. Panos**
**United States Bankruptcy Judge**