Supplemental Letter or Motion Regarding Intent to File Cross Claim

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**WORCESTER DIVISION**

Case No.: 24-40897-CJP
Adversary Proceeding No.: 24-04036-CJP
Judge: Hon. Christopher J. Panos

Subject: Clarification Regarding Intent to File Cross Claim in New York County Supreme Court (Index No. 155804/2022)

Dear Judge Panos,

I respectfully submit this letter in my individual capacity to clarify the context of my claims against the Defendant, Dr. Sonika Randev, and the significant impact of her bankruptcy filing on pending litigation in New York County Supreme Court (Index No. 155804/2022).

Impact on Me Individually

While my entities, Karan Johar MD PLLC and Lenox Hill Pain Management and Spine PLLC, have a stake in the vicarious liability claims in the New York Supreme Court case, I am also personally affected by the Defendant's actions. Specifically:

1. Professional Reputation and Harm to Credibility:
   The allegations of vicarious liability tied to my entities directly impact my reputation as a practicing physician and business owner. These unfounded claims suggest that I or my entities failed to oversee patient care, despite evidence demonstrating the Defendant's status as an Independent Contractor and Medical Director, not an employee.

2. Personal Financial Exposure:
   As the sole member of the involved PLLCs, I bear direct financial responsibility for defending these claims and addressing potential liabilities. The costs of litigation, coupled with the reputational damage, have personally burdened me.

Details of the Intended Cross Claims

In the New York Supreme Court case, I intended to file Cross Claims against Dr. Randev, specifically addressing her actions as an Independent Contractor serving as a Medical Director for multiple practices, including mine. These Cross Claims would have included:

1. Professional Misconduct:
   Evidence exists to show that Dr. Randev engaged in unprofessional conduct, including inappropriate verbal and physical interactions with a disabled patient under her care.

 This patient has since filed a separate case against her, citing harm caused by her actions (Index No. 155804/2022).

2. **Negligence and Patient Abandonment:**
   Dr. Randev abandoned her role as Medical Director for three practices, leaving patients without notice or proper continuity of care. This not only harmed patients but also created legal and operational issues for my entities and others affected.

3. **Disclosure of Private Health Information (PHI):**
   Dr. Randev disclosed private health information for two patients without authorization, causing harm to the patients and creating liability concerns for my entities.

4. **Independent Responsibility as a Medical Director:**
   Her role as an Independent Contractor gave her full control over her decisions, including patient care, clinical operations, and staff oversight. This independence negates vicarious liability claims against my entities.

5. **Intentional Harm to My Entities:**
   The Defendant made baseless allegations of vicarious liability against my entities to shift blame and avoid personal responsibility for her actions, causing reputational and financial harm to my businesses.

## Timing of Bankruptcy Filing

The Defendant's bankruptcy filing on September 8, 2024, occurred less than 24 hours before a critical discovery deadline in the New York Supreme Court case. This discovery would have included:

1. **Phone Records:**
   Essential to disproving allegations of inappropriate communication with a patient outside the clinical setting.

2. **Employment Agreements:**
   Clearly defining her role as an Independent Contractor and Medical Director, which would have disproven claims of vicarious liability.

3. **Correspondence and Operational Documents:**
   Demonstrating her full control over patient care and operational decisions as a Medical Director.

The filing strategically prevented these disclosures, disrupting my ability to file Cross Claims and further evidencing her intent to misuse the bankruptcy process to evade accountability.

## Independent Contractor Status and Legal Precedents

As an Independent Contractor, Dr. Randev's role as Medical Director was autonomous and not subject to the control typically required for vicarious liability to apply. Legal precedent supports this distinction:

1. **Restatement (Second) of Agency § 220 (1958):**
   Establishes that Independent Contractors are not subject to employer control and, therefore, employers are not vicariously liable for their actions.

2. **Kleeman v. Rheingold, 81 N.Y.2d 270, 273-74 (1993):**
   Reinforces that vicarious liability is tied to the degree of control an employer has over the actions of an individual.

3. **Jones v. Archibald, 45 A.D.2d 532 (N.Y. App. Div. 1974):**
   Holds that Independent Contractors are liable for their own actions, not the entities they contract with.

### Relief Sought

To address these issues and ensure the integrity of the judicial process, I respectfully request:

1. **Modification of the Automatic Stay:**
   To allow the New York Supreme Court case (Index No. 155804/2022) to proceed for the purposes of determining liability and obtaining discovery.

2. **Consideration of the Defendant's Bad Faith:**
   Under 11 U.S.C. § 707(a), the Defendant's use of bankruptcy to evade accountability and shield herself from discovery demonstrates bad faith and warrants dismissal of her Chapter 7 filing.

3. **Grant of Discovery:**
   To investigate the Defendant's financial misrepresentations, concealed income, and history of fraudulent attestations to government agencies.

Thank you for your attention to this matter. I remain committed to working within the bounds of the legal system to ensure fairness and accountability.

Dated: 01/24/2025

Respectfully submitted,

*[signature]*

Karan Johar, Pro Se (Authorized Signatory)
993 PARK AVENUE, NEW YORK, NY 10028

United States Bankruptcy Court
District of Massachusetts

In re: Sonika Randev, Debtor
Case No. 24-40897
Adversary Proceeding No.: 24-04036-CJP
Chapter 7

**Certificate of Service**

I hereby certify that on 01-24-2025, copies of the following documents:

- Clarification Regarding Intent to File Cross Claim in New York County Supreme Court (Index No. 155804/2022)

were served via U.S. Mail to the parties listed below at their respective addresses:

Debtor:
Sonika Randev
163 Oak Street
Ashland, MA 01721-1060

Attorney for Debtor:
George N. Piandes
Hines Law Offices
873 Waverly Street
Framingham, MA 01702-6812

Bankruptcy Trustee:
Jonathan R. Goldsmith
Goldsmith, Katz & Argenio, P.C.
1350 Main Street, Suite 1505
Springfield, MA 01103

Office of U.S. Trustee:
Richard King
446 Main Street, 14th Floor
Worcester, MA 01608-2361

Attorney for Ehrhard & Associates, P.C.:
James P. Ehrhard, Esq.
Ehrhard & Associates, P.C.
27 Mechanic Street, Suite 101
Worcester, MA 01608

Bankruptcy Clerk's Office:
U.S. Bankruptcy Court
595 Main Street
Worcester, MA 01608