**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **SONIKA RANDEV** | ) | **Chapter 7** |
| | ) | **Case No. 24-12324-CJP** |
| **Debtor** | ) | |
| | ) | |
| | ) | |
| **KARAN JOHAR, MD, KARAN JOHAR MD** | ) | **Adv. Pro. Ca.  No.: 24-04036-CJP** |
| **PLLC, DBA NYC PAIN SPECIALISTS** | ) | |
| **LENOX HILL PAIN MANAGEMENT AND** | ) | |
| **SPINE PLLC** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **V.** | ) | |
| | ) | |
| **SONIKA RANDEV** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

**CREDITOR / PLAINTIFF KARAN JOHAR, M.D., AND NYC PAIN SPECIALISTS
LENOX HILL PAIN MANAGEMENT AND SPINE PLLC**

**PLAINTIFF'S AMENDED MOTION TO DISMISS UNDER 11 U.S.C. § 707(b)
FOR BAD FAITH, FINANCIAL MISREPRESENTATION, AND
ABUSE OF THE BANKRUPTCY SYSTEM**

NOW COMES the Plaintiff, Karan Johar, Pro Se,  and through counsel, Karan Johar,

M.D. PLLC, D/B/A NYC Pain Specialists, Lenox Hill Pain Management and Spine, PLLC

("Corporate Entities"), and Jointly ("Plaintiffs'") who herein respectfully submit this Amended

Motion to Dismiss the Debtor's Chapter 7 Bankruptcy under 11 U.S.C. § 707(b) for bad faith,

financial misrepresentation, and abuse of the bankruptcy system. This amended motion complies

with this Court's Order at Doc. #36,  by identifying specific reference to "AMENDED

EXHIBITS TO DOCUMENT 14", which have now been redacted as Ordered by the Court,

while at the same time still preserving the necessary evidentiary record to support this motion.

---

## I. INTRODUCTION

1. The Debtor, Sonika Randev, has, under information and belief, apparently engaged in systematic financial deception and material misrepresentations regarding her income, employment, and assets, intending to fraudulently obtain a Chapter 7 discharge.

2. The filing of this bankruptcy petition may have been deliberately timed—occurring less than 24 hours before a critical discovery deadline in the pending New York Supreme Court Case No. 155804/2022— which filing evaded discovery obligations that may have exposed crucial financial evidence, misrepresentations, and misconduct.

3. The Debtor's Chapter 7 petition constitutes an abuse of the bankruptcy system because:

   o The Debtor's qualifications would appear to present the ability to earn undisclosed income, that would contradict her sworn bankruptcy schedules.

   o The Debtor has a history of submitting apparently false attestations under oath, including on her Medicare and Medicaid credentialing applications in Massachusetts, where she claimed she never worked in New York.

   o The Debtor bankruptcy filing disrupted legal proceedings, obstructed discovery deadlines, and frustrated legitimate creditor claims—all of which would provide indicia of a "bad faith bankruptcy filing" under 11 U.S.C. §707(b).

4. This motion is supported by AMENDED EXHIBITS TO DOCUMENT 14, which include redacted copies of financial records, employment agreements, and documented misrepresentations by the Debtor, in compliance with this Court's Order at Doc. #36.

---

## II. LEGAL BASIS FOR DISMISSAL UNDER 11 U.S.C. § 707(b)

5. Section 707(b)(1) allows dismissal of a Chapter 7 case if granting relief would be an abuse of the bankruptcy process.

6. Section 707(b)(3) establishes two independent bases for dismissal:

   o Bad Faith Filing: When a debtor uses bankruptcy as a shield to manipulate the legal system and evade financial obligations (In re Hageney, 422 B.R. 254 (Bankr. E.D. Wash. 2009)).

- o Totality of Circumstances Test: If the debtor can repay debts but chooses not to, the case should be dismissed for abuse (In re Krohn, 886 F.2d 123, 126 (6th Cir. 1989)).

7. Here, it appears as though the Debtor may have engaged in a Bad Faith filing under 11 U.S.C. § 707(b)(3).

8. Although, Plaintiff's Amended Motion here, relies primarily on § 707(b) rather than § 707(a), the Plaintiffs' present a "totality of the circumstances" argument implicitly asking this Court dismiss this case" for "cause" under subsection (a), see Craig Piazza, v. Nueterra Healthcare Physical Therapy, LLC, 719 F.3d 1253 (11th Cir. 2013).

9. In January 2011, Nueterra moved the bankruptcy court to dismiss Piazza's case under §707(b). Nueterra's motion revealed that Piazza's debt arose from a state court judgment entered against him for failure to pay a business guarantee, and that it had attempted to collect on that judgment without success for over two years. Frustrated with Piazza's recalcitrance, the state court demanded he produce documents justifying his failure to pay by October 9, 2010, or face adverse presumptions at subsequent hearings. According to Nueterra's theory, Piazza's bankruptcy filing on October 8, 2010, was simply an effort to avoid paying the state court judgment. Nueterra argued that, on the "totality of the circumstances," Piazza's Chapter 7 petition should be dismissed for bad faith.

10. Where, the Debtor before this Court was facing a discovery deadline to produce potentially damaging information in an underlying case, then to suddenly file a chapter 7 case, would appear to at least support a strong inference of suspect timing creating a bad faith filing.

11. The Bankruptcy Code does not exist to provide a windfall for individuals who deliberately conceal assets, income, and financial resources while frustrating legitimate creditor claims.

---

## III. FACTUAL TIMELINE DEMONSTRATING BAD FAITH & ABUSE

A. Misrepresentation of Financial Status and Income, and failure to disclose the lawsuit filed against the Debtor, and Karan Johar, M.D. PLLC, D/B/A NYC Pain Specialists, Lenox Hill Pain Management and Spine, PLLC in the N.Y. Supreme Court.

8. Sonika Randev is a licensed medical doctor with a reasonable earning capacity exceeding $500,000 per year, yet she reported only $18 per month in income—an assertion that is factually impossible given her professional qualifications.

9. In March 2024, Dr. Randev applied for and obtained a Texas Medical License, indicating her intent to continue earning income. Yet, her bankruptcy filings fail to account for any income-generating activities, suggesting she is intentionally concealing earnings.

10. In 2023, Dr. Randev was contracted with Integrated Rehab Consultants (IRC) / Medrina, a Management Service Organization (MSO) that facilitates physician employment through pass-through LLCs, allowing income to be disguised.

11. The Debtor has failed to disclose the full extent of her independent contractor income, revenue from multiple medical roles, and assets tied to her medical practice affiliations.

B. Manipulation of Bankruptcy Filing to Avoid Discovery & Litigation

12. Ralph Pinkcombe filed Am three count complaint against the Debtor, and Karan Johar, M.D. PLLC, D/B/A NYC Pain Specialists, Lenox Hill Pain Management and Spine, PLLC in New York Supreme Court Case No. 155804/2022, seeking recovery for Race Discrimination in violation (under N.Y. Admin Code §8-107); Battery, and Intentional Infliction of Emotional Distress [see Exhibit A]. [i]

13. August 2024 – Plaintiff requested discovery in New York Supreme Court Case No. 155804/2022, seeking:

- Phone logs to disprove fabricated claims and establish professional misconduct.

- Employment agreements to demonstrate her independent contractor status, undermining claims of vicarious liability.

14. Karan Johar, M.D. PLLC, D/B/A NYC Pain Specialists, Lenox Hill Pain Management and Spine, PLLC were subsequently dropped from the lawsuit by Ralph Pinkcombe.

15. September 8, 2024 – At approximately noon, less than 24 hours before discovery was due, the Debtor filed for Chapter 7 Bankruptcy.

16. September 9, 2024 – The automatic stay immediately halted discovery, preventing the Plaintiff from obtaining phone records and employment documentation.

17. The timing of this filing is consistent with cases where courts have found that a debtor's intent was to manipulate the legal process and evade obligations. See In re Lavelle, 2009 WL 4043089 (Bankr. D. Mass. 2009) (finding a filing to avoid pending litigation as evidence of bad faith).

18. Despite Mr. Pinkcombe dismissing the claims in the N.Y. Supreme Court case as against Karan Johar, M.D. PLLC, D/B/A NYC Pain Specialists, Lenox Hill Pain Management and Spine, PLLC in New York Supreme Court Case No. 155804/2022,  These Corporate Defendants suffered damages that included Legal Fees: The corporations incurred legal defense costs in the N.Y. Supreme Court case that would not have existed but for Sonika's conduct.

19. Additionally, these same corporate Defendants remain liable for HIPAA Violations: There remains liability for her disclosure of protected health information (PHI), which was tied to Dr. Johar's  medical practices.

20. Reputational Harm: As an independent contractor and Medical Director, the Debtor's conduct has damaged the Corporate Plaintiff's businesses, as well as Dr. Johar, including potential liability exposure due to patient abandonment issues.

21. In the Debtor's statement of financial affairs at #9, she failed to identify N.Y. Supreme Court case filed against her by Ralph Pinkcombe

---

## IV. DISCOVERY REQUEST TO CONFIRM FINANCIAL FRAUD & MISREPRESENTATION

16. To establish the full extent of possible fraudulent misrepresentations, the Plaintiff seeks Court-mandated discovery requiring the Debtor to produce:

- All financial records from IRC/Medrina from 2020-2024.

- Copies of her Medicare and Medicaid credentialing applications in Massachusetts, which will confirm prior false attestations regarding her employment history.

- Her full tax returns and bank statements from the last 3 years.

17. Discovery is critical to exposing the Debtor's fraudulent concealment of income and her intentional abuse of the bankruptcy system.

---

## V. RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

1. DISMISS the Debtor's Chapter 7 Bankruptcy under 11 U.S.C. § 707(b) for abuse and bad faith.

2. ORDER the Debtor to produce full financial disclosures, including employment contracts, tax returns, and undisclosed income sources.

3. GRANT such further relief as the Court deems just and proper.

---

## VI. KEY LEGAL PRECEDENTS SUPPORTING DISMISSAL

- In re Krueger, 812 F.3d 365 (5th Cir. 2016):

  o Establishes dismissal for bad faith bankruptcy filings intended to avoid litigation obligations.

- In re Curtis, 40 B.R. 795 (Bankr. D. Utah 1984):

  o Outlines factors supporting relief from stay where bankruptcy is filed to frustrate creditors.

- In re Piazza, 719 F.3d 1253 (11th Cir. 2013):

- o Reinforces dismissal where debtors file strategically to avoid legitimate financial obligations.

Dated: 02/06/2025

Respectfully submitted,

/s/ Karan Johar

Karan Johar, Pro Se (Authorized Signatory)
993 PARK AVENUE, NEW YORK, NY 10028

**NYC Pain Specialists Lenox Hill Pain Management and Spine PLLC, by its Attorney**

/s/ Glenn F. Russell, Jr.
Glenn F. Russell, Jr.
BBO #656914

Law Office of Glenn F. Russell, Jr.
38 Rock Street, Suite #12
Fall River, MA 02720
P. (888) 400-9318
F. (508) 938-0244
E. russ45esq@gmail.com

## CERTIFICATE OF SERVICE

I, Glenn F. Russell, Jr., do hereby certify that on the 10th day of February 2025, I served the ABOVE DOCUMENT, to the following parties via electronic mail and submission to the ECF System, and/or by USPS postage prepaid to the following:.

**/s/ Glenn F. Russell, Jr**
**Glenn F. Russell, Jr.**

Chapter 13 Trustee:
Jonathan R. Goldsmith
Goldsmith, Katz & Argenio, P.C.
1350 Main Street, Suite 1505
Springfield, MA 01103

Office of U.S. Trustee:
Richard King
446 Main Street, 14th Floor
Worcester, MA 01608-2361

Sonika Randev
163 Oak Street
Ashland, MA 01721-1060

Attorney for Debtor:
George N. Piandes
Hines Law Offices
873 Waverly Street
Framingham, MA 01702-6812

Attorney for Debtor
Ehrhard & Associates, P.C.:
James P. Ehrhard, Esq.
Ehrhard & Associates, P.C.
27 Mechanic Street, Suite 101
Worcester, MA 01608

---

[i] Ralph Pinkcombe has also filed a similar action as Plaintiffs against the Debtor in this case

# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

-------------------------------------------------------------------x

RALPH PINKCOMBE,                                    Index No.:

              Plaintiff,            **SUMMONS**

    -against-                                  Plaintiff designates New York
                                                    County As the place of trial
DR. SONIKA RANDEV, LENOX HILL PAIN
MANAGEMENT AND SPINE PLLC, and KARAN                The basis of venue is:
JOHAR, MD, PLLC d/b/a NEW YORK CITY PAIN            CPLR 503 (a)
SPECIALISTS

              Defendant.

-------------------------------------------------------------------x

      To the above-named Defendant:

      **PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to answer the

Complaint of the Plaintiff herein and to serve a copy of your answer on the Plaintiff at the address

indicated below within twenty (20) days after the service of this Summons (not counting the day of

service itself), or within thirty (30) days after service is complete if the Summons is not delivered

personally to you within the State of New York.

      YOU ARE HEREBY NOTIFIED THAT should you fail to answer a judgment will be entered

against you by default for the relief demanded in the complaint.


Dated:  New York, New York
       July 12, 2022


                               **YASSI LAW**

                               *Reza Yassi*

               By:  _____

                               Reza Yassi, Esq.
                               *Attorneys for Plaintiff*
                               522 E. 88th St., 1B
                               New York, New York 10128
                               (646) 992-2138
                               ry@yassilaw.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------------x

RALPH PINKCOMBE,                                    Case No.:

                            Plaintiff,

                                                    **VERIFIED COMPLAINT**
            -against-
                                                    **PLAINTIFF DEMANDS**
DR. SONIKA RANDEV, LENOX HILL PAIN                  **A TRIAL BY JURY**
MANAGEMENT AND SPINE PLLC, and KARAN
JOHAR, MD, PLLC d/b/a NEW YORK CITY PAIN
SPECIALISTS



                            Defendant.

-------------------------------------------------------------------------x

      Plaintiff, Ralph Pinkcombe ("Plaintiff"), by and through his attorneys, Yassi Law P.C., as

and for his Complaint of the Defendants herein states and alleges:

## NATURE OF THE CASE

      1.      Plaintiff brings this action alleging that Defendants have violated the New York

City Human Rights Law, N.Y. § Admin Code 8-107, *et seq.* along with committing other torts.

      2.      Plaintiff seeks damages to redress his emotional and financial losses inflicted by

Defendants' unlawful practices in violation of state statutes.

## JURISDICTION & VENUE

      3.      This Court has personal jurisdiction over the Defendants by virtue of CPLR § 301,

and this Court has subject matter jurisdiction over this cause of action, as this is a court of general

jurisdiction, and this Complaint claims damages in excess of the jurisdictional limit.

      4.      Venue is proper in New York pursuant to CPLR § 503 as it is a judicial district in

which a substantial part of the events or omissions giving rise to the claims occurred and Plaintiff's

residence.

## THE PARTIES

5.      Plaintiff was and is a resident of New York County, New York. Plaintiff is a 53-year-old heterosexual African American male.

6.      Defendant Dr, Sonika Randev, is a female. During the time period relevant herein, Defendant was a licensed New York State Physician and employed by New York City Pain Specialists ("NYCPS") in such capacity.

7.      Defendant, Karan Johar, MD, PLLC d/b/a/ New York City Pain Specialists ("NYCPS"), is a Domestic Professional Service Limited Liability Company with its principal place of business in New York.

8.      Defendant, Lenox Hill Pain Management and Spine PLLC ("LHPMS"), is a Domestic Professional Service Limited Liability Company with its principal place of business in New York.

## MATERIAL FACTS

9.      In 2009, Plaintiff sustained multiple injuries when he fell 40 feet out of a third-floor window. The injuries Plaintiff sustained included, but were not limited to, herniated discs in his back and neck. Shortly thereafter, Plaintiff was also diagnosed with a traumatic brain injury in connection with the accident.

10.     In or around December 2015, Plaintiff began treating with Dr. Karen Johar at NYCPS in connection with the debilitating pain he suffered due to the injuries he sustained in 2009.

Case 24-40897    Doc 47    Filed 02/10/25    Entered 02/10/25 22:30:03    Desc Main
Document      Page 12 of 32

11.     Plaintiff continued treating with Dr. Johar until August 2020, at which time Dr. Johar referred Plaintiff to Defendant.

12.     On multiple occasions, Plaintiff was also seen by other NYCPS medical professionals.

13.     Prior to August 2020, Plaintiff was treated in a kind and professional manner by all NYCPS staff members and medical professionals.

14.     In August 2020, Plaintiff began treating with Defendants at NYCPS' Park Avenue location.

15.     During the time Defendants treated Plaintiff, Defendants diagnosed Plaintiff with multiple severe ailments and was acutely aware of Plaintiff's history of Depression, Anxiety, and Post-Traumatic Stress Disorder ("PTSD").

16.     During his first appointment with Defendants in August 2020, Plaintiff felt uncomfortable by the way Ms. Randev looked at him.

17.     For example, Ms. Randev inappropriately admired Plaintiff's jewelry, tattoos, and behaved in a flirtatious manner.

18.     On September 4, 2020, per the Defendants' first medical report following their August 2020 appointment, Plaintiff was suffering from chronic headaches, bilateral occipital neuralgia, cervical radiculopathy, cervical spondylosis, lumbar radiculopathy, lumbosacral spondylosis, sacroiliitis, sacroiliac joint dysfunction, facet of genic arthropathy, chronic bilateral elbow pain, internal derangement of the bilateral elbows, chronic bilateral wrist pain, chronic duration of the bilateral wrists joints, chronic bilateral knee pain, internal derangement of the bilateral knee joints, suspected vascular atherosclerotic claudication, myofascial pain with palpable trigger points and slight gait dysfunction.

3

19.     Defendants were also aware of Plaintiff's mental conditions including PTSD, depression, and anxiety.

20.     In September 2020, Plaintiff had a second appointment with Defendants, in which Ms. Randev inappropriately commented about "how nice" Plaintiff's diamonds were while inquiring about the cost.

21.     Ms. Randev also commented about Plaintiff's tattoos, how nice they looked on his body, how she would love to get a tattoo like Plaintiff's on her finger, and inappropriately asked Plaintiff to take her to the tattoo parlor.

22.     Ms. Randev's unsolicited advances triggered Plaintiff's PTSD, depression, and anxiety.

23.     In mid-September 2020, Plaintiff had a follow-up appointment with Defendants for a prescription refill and to undergo a COVID-19 test.

24.     During this appointment, Ms. Randev continued to act flirtatiously towards Plaintiff, which further triggered Plaintiff's PTSD and Anxiety.

25.     On September 19, 2020, at 11:48 a.m., Ms. Randev inappropriately called Plaintiff on his personal cell phone from a blocked number and spoke with him for approximately two hours and twenty-two minutes regarding matters unrelated to healthcare.[1]

26.     During said call, despite her acute awareness of Plaintiff's mental state, Ms. Randev made inappropriate and offensive racial comments, as well as sexually explicit statements to Plaintiff, including, but not limited to:

---

[1] Upon information and belief, Ms. Randev accessed Plaintiff's patient file to obtain his personal cell phone number.

4

Case 24-40897    Doc 47    Filed 02/10/25    Entered 02/10/25 22:30:03    Desc Main
Document    Page 14 of 32

    a.  "I don't fuck with brown guys,[2] I love to get with Black men;"[3]

    b.  "I heard you know celebrities and I know industry people too. We should hang out;"

    c.  "Tell me about your tattoos. I love the one on your lower back I noticed while doing your procedure;"

    d.  "I used to be abused by my father, so I hate Indian people. If I brought home a tatted out thug with diamonds…I mean, I'd love how my family would react;" and

    e.  "Maybe we can get together after work one evening and hit up an underground party in Brooklyn."

27.    In October 2020, Plaintiff underwent a medical procedure, which required Plaintiff to go under anesthesia, performed by Defendants.

28.    While on the operating table, Ms. Randev inappropriately rubbed Plaintiff's back sexually and stated that she "loved" the tattoo she saw on his back.

29.    While in the recovery room following the procedure, Plaintiff woke up from the anesthesia and was startled by Defendant, who was sitting next to Plaintiff and inappropriately rubbing his hands. Ms. Randev's actions made Plaintiff feel extremely uncomfortable.

30.    Subsequently, Ms. Randev's discriminatory and sexually harassing conduct exacerbated Plaintiff's mental health-related disabilities.

31.    As a result, Plaintiff was required to seek mental health treatment and continues to treat with a mental health professional through the present date.

32.    On March 31, 2021, Plaintiff submitted an "Official Complaint to N.Y.C. Pain Specialists of Sexual Harassment by a Physician" regarding the sexual harassment and race discrimination to which he was subjected by Defendant.

---

[2] Ms. Randev's statement, "I don't fuck with brown guys" was in reference to her disdain for Indian men, which she made very clear to Plaintiff during this telephone conversation. Ms. Randev told Plaintiff that her disdain for Indian men was a result of the "beatings" she took from her father. Ms. Randev further explained that her father regularly abused her and her siblings.

[3] Ms. Randev explained that she "loves Black men" like Plaintiff with tattoos that look like "thugs." Ms. Randev further expressed her desire to "hang out" with Plaintiff. Ms. Randev also inappropriately stated that her and Plaintiff's signs "are compatible" with each other. Ms. Rande then disclosed that she was attracted to Plaintiff and stated "I love you" to Plaintiff at the end of the telephone call.

33.     In October 2021, the undersigned counsel sent a letter of representation to Defendants regarding Plaintiff's race and gender (sexual harassment) discrimination claims.

34.     As a result of Ms. Randev's unlawful discriminatory and sexually harassing actions against him, Plaintiff suffered and continues to suffer emotional, mental, and financial ramifications.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS
### (RACE DISCRIMINATION IN VIOLATION OF N.Y. ADMIN. CODE § 8-107)

35.     Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

36.     Plaintiff is a member of a protected class pursuant to New York City Administrative Code § 8-107, namely, Plaintiff is a heterosexual African American male.

37.     The defendants intended to discriminate against Plaintiff on the basis of his African American race and male gender.

38.     Defendants' discrimination against Plaintiff concerned activities protected by New York City Administrative Code § 8-107.

39.     The New York City Human Rights Law, N.Y. Admin Code 8-107(4)(a) provides, in pertinent part: "It shall be an unlawful discriminatory practice for any person who is the owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation: (1) [b]ecause of any person's actual or perceived race…gender…directly or indirectly: (a) [t]o refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of a public accommodation."

40.     Defendants violated N.Y. Admin Code 8-107(4)(a) by subjecting Plaintiff to unlawful discrimination and sexual harassment based upon his African American race and gender,

6

Case 24-40897   Doc 47   Filed 02/10/25   Entered 02/10/25 22:30:03   Desc Main
Document   Page 16 of 32

which denied Plaintiff the full and equal enjoyment, on equal terms and conditions, accommodations, advantages, services, facilities, and/or privileges of a place or provider of a public accommodation.

41.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of N.Y. Admin Code 8-107, Plaintiff suffered and continues to suffer mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### (BATTERY)

42.     Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

43.     Defendants made bodily contact with Plaintiff on or about October 2020 when she inappropriately rubbed Plaintiff's back in a sexual manner and stated that she "loved" the tattoo that she saw on his back.

44.     Plaintiff also woke up from anesthesia post-procedure and was startled by Defendant, who was sitting next to Plaintiff and inappropriately rubbing his hands.

45.     The contact was made with intent and was not accidental.

46.     The contact was offensive and inappropriate in nature and exacerbated Plaintiff's mental conditions.

47.     As a direct and proximate result of Ms. Randev's battery, Plaintiff suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to,

7

FILED: NEW YORK COUNTY CLERK 07/12/2022 05:39 PM
NYSCEF DOC. NO. 1

Case 24-40897    Doc 47    Filed 02/10/25    Entered 02/10/25 22:30:03    Desc Main
Document    Page 17 of 32

INDEX NO. 155804/2022
RECEIVED NYSCEF: 07/12/2022

humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional

pain and suffering, for which he is entitled to an award of monetary damages and other relief.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48.     Plaintiff repeats reiterates, and realleges each and every allegation made in the

above paragraphs of this Complaint as if more fully set forth herein at length.

49.     The defendants' conduct was extreme and outrageous.

50.     Ms. Randev made sexual advances, inappropriate sexual contact, and racial

remarks and revealed highly personal information to Defendant.

51.     The Defendants were aware of Plaintiff's physical ailments and mental condition,

which including PTSD, depression, and anxiety.

52.     The defendants either intended to cause or disregarded the substantial possibility of

causing severe emotional distress, especially in light of the defendants' acute knowledge of

Plaintiff's mental state.

53.     The defendants' conduct was a direct cause of Plaintiff's severe emotional distress.

54.     As a direct and proximate result of Defendants' unlawful and discriminatory

conduct, Plaintiff suffered and continues to suffer severe mental anguish and emotional distress,

including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem

and self-confidence, emotional pain and suffering, for which he is entitled to an award of monetary

damages and other relief.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
## VICARIOUS LIABILITY

8

Case 24-40897    Doc 47    Filed 02/10/25    Entered 02/10/25 22:30:03    Desc Main
                 Document          Page 18 of 32

55.    Plaintiff repeats reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

56.    LHPMS and NYCPS employed Ms. Randev during the period in question.

57.    Ms. Randev committed various torts as set out in Cause of action 1-3 during the course of her employment.

58.    Ms. Randev also obtained sensitive information about Mr. Pinkcombe, such as his phone number, through LHPMS and NYCPS.

59.    LHPMS and NYCPS failed to supervise and manage Ms. Ranbdev properly.

60.    LHPMS and NYCPS negligently hired Ms. Randev.

61.    Ms. Randev's torts were the cause of Plaintiff's physical and emotional distress.

62.    As a direct and proximate result of Ms. Randev's unlawful and discriminatory conduct, Plaintiff suffered and continues to suffer severe mental anguish and emotional that Ms. Randev's employers, LHPMS and NYCPS, are responsible for.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant:

A.    Declaring that Defendants engaged in practices prohibited by the New York City Human Rights Law, N.Y. Admin Code § 8-107, *et seq.* by discriminating against Plaintiff on the basis of his race and gender, as well as subjecting Plaintiff to unlawful sexual harassment.

B.    Awarding damages to Plaintiff, resulting from Defendants' discrimination and to otherwise make him whole for any losses suffered as a result of such unlawful practices;

C.    Awarding Plaintiff compensatory damages for mental, emotional, and physical injury, distress, and pain and suffering in an amount to be proven;

D.    Awarding Plaintiff punitive damages;

E.    Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution

9

of the action;

      F.    Awarding Plaintiff such other and further relief as the Court may deem equitable,

just, and proper to remedy the Defendants' unlawful practices.

Dated: New York, New York
      July 12, 2022

                    **YASSI LAW**

                    *Reza Yassi*

    By: _____

                    Reza Yassi, Esq.
                    *Attorneys for Plaintiff*
                    522 E. 88th St., 1B
                    New York, New York 10128
                    (646) 992-2138
                    ry@yassilaw.com

**Dr. SONIKA RANDEV**
163 OAK STREET
ASHLAND, MA 01721-1060

**LENOX HILL PAIN MANAGEMENT AND SPINE PLLC**
1 CARLTON AVE,
SYOSSET, NY 11791

ALSO SERVED AT:
41 E 11TH ST
NEW YORK, NY 10003

**KARAN JOHAR MD PLLC DBA NYC PAIN SPECIALISTS**
245 E 54TH ST SUITE 25G,
NEW YORK, NY, 10022

ALSO SERVED AT:
993 PARK AVENUE
NEW YORK, NY 10028

10

FILED: NEW YORK COUNTY CLERK 07/12/2022 05:39 PM INDEX NO. 155804/2022

NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 07/12/2022

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

--------------------------------------------------------x

RALPH PINKCOMBE,                                                    Index No

            Plaintiff,

      -against-                                                           **VERIFICATION**

DR. SONIKA RANDEV, LENOX HILL PAIN
MANAGEMENT AND SPINE PLLC, and KARAN
JOHAR, MD, PLLC d/b/a NEW YORK CITY PAIN
SPECIALISTS                                  Defendant

--------------------------------------------------------x

            RALPH PINKCOMBE, pursuant to the provisions of 28 U.S.C. 1746, declares the

following under penalty of perjury that the foregoing is true and correct.

      1        I am the Plaintiff herein

      2        I have read the foregoing Complaint and know the content thereof, that the same is

of my own knowledge, except as to the matters therein stated upon information and belief; and

that as to those matters, I believe the same to be true

      Executed:        New York, New York
                       July 12, 2022


      _Milca S. Casto_                                        _Ralph Pinkcombe_
      NOTARY PUBLIC                                           RALPH PINKCOMBE

            **MILCA S CASTRO**
      Notary Public - State of New York
            No. 01CA6387842
      Qualified in New York County
      My Commission Expires Feb 25, 2023

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X

RALPH PINKCOMBE,

                        Plaintiff,

     -against-

DR. SONIKA RANDEV, LENOX HILL PAIN
MANAGEMENT AND SPINE PLLC, and KARAN
JOHAR, MD, PLLC d/b/a NEW YORK CITY PAIN
SPECIALISTS,

                      Defendants

-------------------------------------------------------------------X

**ATTORNEY AFFIRMATION
FOR AN ADJOURNMENT
<u>NOT ON CONSENT</u>**

Index No. 155804/2022

Justice Assigned:
Hon Dakota D. Ramseur (Part 34)

Mot. Seq. Nos. 4, 5

       LISA GIUNTA-POPEIL, an attorney duly admitted to practice in the Courts of State of New York, affirms the following to be true under penalty of perjury:

       1.     I am a senior counsel at Weiss Zarett Brofman Sonnenklar & Levy, P.C., attorneys for defendant, Dr. Sonika Randev ("Defendant"), in the above-captioned action and as such, I am fully familiar with the facts set forth below.

       2.     Pursuant to the Motion Submission Part's Rules, please accept the herein attorney affirmation as Defendant's application for an adjournment not on consent of the return date of the discovery motions brought by plaintiff, Ralph Pinkcombe ("Plaintiff"), for a protective order and to strike the pleadings (the "Motions") from September 9, 2024 to October 7, 2024.  (*See* Mot. Seq. Nos. 4, 5.)

       3.     This application is made without consent of Plaintiff.[1]

       4.     Both Motions are currently returnable September 9, 2024.

       5.     Both Motions are first time on and no previous requests for adjournments have been made by Defendant in connection thereto.

---

[1] The action against Lenox Hill Pain Management and Spine PLLC and Karan Johar, MD PLLC d/b/a New York

Case 24-40897   Doc 47   Filed 02/10/25   Entered 02/10/25 22:30:03   Desc Main
Document   Page 23 of 32

6. On September 2, 2024, my colleague, Wayne J. Schaefer, Esq., reached out to counsel for Plaintiff, Reza Yassi, Esq., by email and asked to adjourn the Motions by less than thirty (30) days, to October 7, 2024. The email is annexed hereto as Exhibit 1.

7. On September 3, 2024, counsel for Plaintiff emailed a response in which he said his client would not agree to the adjournment of the Motions. The email is annexed hereto as Exhibit 2.

8. On September 3, 2024, I emailed counsel for Plaintiff and advised that Defendant would be submitting the herein application to adjourn the return date of the Motions. The email is annexed hereto as Exhibit 3.

9. Counsel for Defendant seeks the adjournment due to their heavy caseload, their prior commitments and deadlines in other matters and their previously scheduled vacations. Indeed, Plaintiff only afforded Defendant's two weeks at the end of August, including the Labor Day weekend, to consider the Motions and prepare a response. This was not ample time for Defendant to consider, analyze and respond to the issues presented in the Motions.

10. Moreover, Plaintiff made the Motions despite this Court's rules expressly stating that "[d]iscovery motions are discouraged. Instead, the parties are encouraged to first request a discovery conference with the part only after the parties have attempted to address any outstanding issues."

11. Plaintiff never sought a discovery conference with the Court concerning any of the issues raised in the Motions.

12. Granting the adjournment sought by Defendant would afford additional time to seek a discovery conference with the Court to address the parties' outstanding discovery issues without the need for further motion practice.

---

City Pain Specialists was discontinued by Plaintiff and as such, neither are parties to this case.

2

WHEREFORE, Defendant respectfully requests that her application to adjourn the return date of the Motions from September 9, 2024 to October 7, 2024 be granted in all respects, and that the Court grant such other and further relief it deems just, equitable and proper.

Dated: New Hyde Park, New York
         September 3, 2024

*/s/ Lisa Giunta-Popeil*

LISA GIUNTA-POPEIL

FILED: NEW YORK COUNTY CLERK 09/03/2024 05:57 PM

NYSCEF DOC. NO. 83

INDEX NO. 155804/2022

RECEIVED NYSCEF: 09/03/2024

Case 24-40897    Doc 47    Filed 02/10/25    Entered 02/10/25 22:30:03    Desc Main
Document      Page 25 of 32

# EXHIBIT 1

FILED: NEW YORK COUNTY CLERK 09/03/2024 05:57 PM
INDEX NO. 155804/2022
NYSCEF DOC. NO. 83
RECEIVED NYSCEF: 09/03/2024

Case 24-40897    Doc 47    Filed 02/10/25    Entered 02/10/25 22:30:03    Desc Main
Document    Page 26 of 32

| **From:** | Wayne Schaefer |
|---|---|
| **To:** | Reza Yassi |
| **Cc:** | Lisa Giunta-Popeil |
| **Subject:** | Pinkcombe v Randev |
| **Date:** | Monday, September 2, 2024 1:35:30 PM |

Hi Reza:

With regard to your motion, currently returnable next Monday, September 9, in view of the circumstances referenced in your recent email correspondence with Lisa Giunta-Popeil, we would like to adjourn the return date of your motion to October 7. In such event, we would also look forward to discussing a briefing schedule.

Regards,

Wayne Schaefer

Get Outlook for iOS

## Wayne J. Schaefer
Of Counsel

**E:** wschaefer@weisszarett.com
**D:** (516) 885-0062
**M:** (516) 627-7000
**F:** (516) 877-1172

**Bio I V-Card**

Subscribe to our newsletter

Sharefile Upload

3333 New Hyde Park Road, Suite 211, New Hyde Park, New York, 11042

**IRS Circular 230 Disclosure:** Under regulations issued by the U.S. Treasury, to the extent that tax advice is contained in this correspondence (or any attachment hereto), you are advised that such tax advice is not intended or written to be used, and cannot be used by you, or any party to whom this correspondence is shown, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending the tax advice addressed herein to any other party.
**Additional Notice:** This transmission is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient, or its employee or agent responsible for delivery to the intended recipient, you are notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone and return the original communication to us at the above address by the U.S. Postal Service. Thank you.

FILED: NEW YORK COUNTY CLERK 09/03/2024 05:57 PM

NYSCEF DOC. NO. 83

INDEX NO. 155804/2022

RECEIVED NYSCEF: 09/03/2024

Case 24-40897    Doc 47    Filed 02/10/25    Entered 02/10/25 22:30:03    Desc Main
Document      Page 27 of 32

# EXHIBIT 2

| From: | Reza Yassi |
|---|---|
| To: | Wayne Schaefer |
| Cc: | Lisa Giunta-Popeil |
| Subject: | Re: Pinkcombe v Randev |
| Date: | Tuesday, September 3, 2024 2:58:46 PM |

Hello,

I spoke to my client and cannot grant any further adjournments at this time.

Best,

Reza Yassi, Esq.
Yassi Law P.C.
Website: www.yassilaw.com
Email: ry@yassilaw.com
Phone: 646-992-2138

---

CONFIDENTIALITY NOTICE: This email message and any accompanying data or files are confidential and may contain privileged information intended only for the named recipient(s). If you are not the intended recipient(s), you are hereby notified that the dissemination, distribution, and or copying of this message is strictly prohibited. If you receive this message in error or are not the named recipient(s), please notify the sender at the email address above, delete this email from your computer, and destroy any copies in any form immediately. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work product, or other applicable privileges.

On Sep 2, 2024, at 1:35 PM, Wayne Schaefer <wschaefer@weisszarett.com> wrote:

Hi Reza,

With regard to your motion, currently returnable next Monday, September 9, in view of the circumstances referenced in your recent email correspondence with Lisa Giunta-Popeil, we would like to adjourn the return date of your motion to October 7. In such event, we would also look forward to discussing a briefing schedule.

Regards,

Wayne Schaefer

Get Outlook for iOS

### Wayne J. Schaefer

Of Counsel

**E:**  wschaefer@weisszarett.com
**D:**  (516) 885-0062
**M:**  (516) 627-7000
**F:**  (516) 877-1172



**Bio I V-Card**

Subscribe to our newsletter



[Sharefile Upload](#)

3333 New Hyde Park Road, Suite 211, New Hyde Park, New York, 11042

**IRS Circular 230 Disclosure:** Under regulations issued by the U.S. Treasury, to the extent that tax advice is contained in this correspondence (or any attachment hereto), you are advised that such tax advice is not intended or written to be used, and cannot be used by you, or any party to whom this correspondence is shown, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending the tax advice addressed herein to any other party.

**Additional Notice:** This transmission is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient, or its employee or agent responsible for delivery the communication to the intended recipient, you are notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone and return the original communication to us at the above address by the U.S. Postal Service. Thank you.

FILED: NEW YORK COUNTY CLERK 09/03/2024 05:57 PM
INDEX NO. 155804/2022
NYSCEF DOC. NO. 83
RECEIVED NYSCEF: 09/03/2024

Case 24-40897    Doc 47    Filed 02/10/25    Entered 02/10/25 22:30:03    Desc Main
Document      Page 30 of 32

# EXHIBIT 3

Case 24-40897    Doc 47    Filed 02/10/25    Entered 02/10/25 22:30:03    Desc Main
Document    Page 31 of 32

| | |
|---|---|
| **From:** | Lisa Giunta-Popeil |
| **To:** | Reza Yassi; Wayne Schaefer |
| **Subject:** | RE: Pinkcombe v Randev |
| **Date:** | Tuesday, September 3, 2024 3:18:34 PM |

The motion is first time on – our request for a 30-day adjournment is more than reasonable.  In any event, please be advised that we will be making an application for an adjournment.

## Lisa Giunta-Popeil
Senior Counsel

**E:** lpopeil@weisszarett.com
**D:** (516) 926-3308
**M:** (516) 627-7000 ext. 107
**F:** (516) 877-1172



**Bio** I **V-Card**                                  Subscribe to our newsletter

    

**Sharefile Upload**

3333 New Hyde Park Road, Suite 211, New Hyde Park, New York, 11042

**IRS Circular 230 Disclosure:** Under regulations issued by the U.S. Treasury, to the extent that tax advice is contained in this correspondence (or any attachment hereto), you are advised that such tax advice is not intended or written to be used, and cannot be used by you, or any party to whom this correspondence is shown, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending the tax advice addressed herein to any other party.
**Additional Notice:** This transmission is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient, or its employee or agent responsible for delivering the communication to the intended recipient, you are notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone and return the original communication to us at the above address by the U.S. Postal Service. Thank you.

**From:** Reza Yassi <ry@yassilaw.com>
**Sent:** Tuesday, September 3, 2024 2:58 PM
**To:** Wayne Schaefer <wschaefer@weisszarett.com>
**Cc:** Lisa Giunta-Popeil <lpopeil@weisszarett.com>
**Subject:** Re: Pinkcombe v Randev

Hello,

I spoke to my client and cannot grant any further adjournments at this time.

Best,

Reza Yassi, Esq.
Yassi Law P.C.
Website: www.yassilaw.com
Email: ry@yassilaw.com
Phone: 646-992-2138

_____

CONFIDENTIALITY NOTICE: This email message and any accompanying data or files are confidential and may contain privileged information intended only for the named recipient(s). If you are not the intended recipient(s), you are hereby notified that the dissemination, distribution, and or copying of this message is strictly prohibited. If you receive this message in error or are not the named recipient(s), please notify the sender at the email address above, delete this email from your computer, and destroy any copies in any form immediately. Receipt by anyone other than the named recipient(s) is not a waiver of any attorney-client, work

Case 24-40897   Doc 47   Filed 02/10/25   Entered 02/10/25 22:30:03   Desc Main
Document      Page 32 of 32

product, or other applicable privileges.

On Sep 2, 2024, at 1:35 PM, Wayne Schaefer <wschaefer@weisszarett.com> wrote:

Hi Reza:

With regard to your motion, currently returnable next Monday, September 9, in view of the circumstances referenced in your recent email correspondence with Lisa Giunta-Popeil, we would like to adjourn the return date of your motion to October 7. In such event, we would also look forward to discussing a briefing schedule.

Regards,

Wayne Schaefer

Get Outlook for iOS

## Wayne J. Schaefer
Of Counsel

| | |
|---|---|
| **E:** | wschaefer@weisszarett.com |
| **D:** | (516) 885-0062 |
| **M:** | (516) 627-7000 |
| **F:** | (516) 877-1172 |



**Bio** | **V-Card**



Subscribe to our newsletter

Sharefile Upload

3333 New Hyde Park Road, Suite 211, New Hyde Park, New York, 11042

**IRS Circular 230 Disclosure:** Under regulations issued by the U.S. Treasury, to the extent that tax advice is contained in this correspondence (or any attachment hereto), you are advised that such tax advice is not intended or written to be used, and cannot be used by you, or any party to whom this correspondence is shown, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending the tax advice addressed herein to any other party.
**Additional Notice:** This transmission is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient, or its employee or agent responsible for delivery the communication to the intended recipient, you are notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by telephone and return the original communication to us at the above address by the U.S. Postal Service. Thank you.